UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

    Plaintiff,

    v.                                      CAUSE NO. 3:21-CV-145-JD-MGG

ALBRIGHT, et al.,

    Defendants.

## OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doolin alleges that, on April 17, 2020, Sargent Albright and Officer Parker came to his cell, placed him in restraints, and removed him to an area where there are no cameras for no legitimate reason. They then grabbed his legs and flipped him headfirst into the ground. Doolin split his head open on a door and was knocked unconscious. He represents that he was not resisting or provoking the assault. When Doolin regained consciousness, he was being dragged and was tossed into a holding cell where he was

punched, kicked, and slammed into the wall. Officer Parker began removing his handcuffs. Once a hand was loose, Doolin tried to slap Officer Parker. An additional physical altercation ensued. Officer Parker punched Doolin, wrapped a leash around his neck, and choked him until he became unconscious.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Doolin the benefit of the inferences to which he is entitled, he has stated a claim against Sergeant Albright and Officer Parker.

Doolin's complaint includes a request for injunctive relief. Doolin, however, is no longer in the custody of the Indiana Department of Correction. Accordingly, his request for injunctive relief is moot.

For these reasons, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Sergeant Albright and Officer Parker in their individual capacity for compensatory and punitive damages for using excessive force against Dwayne Doolin on April 17, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Albright and Officer Parker at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Albright and Officer Parker to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 9, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT